UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN SEANZ SALCIDO,<br><br>Petitioner,<br><br>v.<br><br>R. C. JOHNSON, Warden,<br><br>Respondent. | Case No. 20-cv-01942-YGR (PR)<br><br>**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY** |

Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 26, 2020, the Court dismissed the petition because it was a second petition, successive to his previous case, Case No. C 02-05541-MJJ (PR), and he had not obtained from the Ninth Circuit Court of Appeals an order authorizing the district court to consider the petition.

Thereafter, Petitioner filed a notice of appeal. The Court construes Petitioner's notice of appeal as an application for a certificate of appealability ("COA").[1] *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997); 28 U.S.C. § 2253(c)(3).

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless the petitioner first obtains a COA. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

---

[1] The Ninth Circuit has since remanded the case to the district court "for the limited purpose of granting or denying a [COA] at the court's earliest convenience." Dkt. 19 at 1.

COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

The petition was dismissed because 28 U.S.C. § 2244(b)(3)(A) requires that petitioners must obtain permission from the United States Court of Appeals before filing a second or successive petition. Petitioner did not obtain such permission, and he does not claim that he did not have a prior habeas case. Because jurists of reason would not find the Court's conclusion debatable or wrong, the motion for a COA is DENIED.

The Clerk of the Court shall serve a copy of this Order on Petitioner and on the Ninth Circuit.

IT IS SO ORDERED.

Dated: January 15, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

cc: USCA by email

2